IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PRINCESS DEMPSEY, ON BEHALF Of JOHNATHEN DEMPSEY, A MINOR, | ) ) ) | NO. |
| PLAINTIFF, | ) | |
| vs. | ) ) | Judge |
| SARAH HICKS, AND THE LINDROP SCHOOL DISTRICT 92, | ) ) ) | Magistrate Judge |
| DEFENDANTS | ) ) ) ) ) ) | JURY DEMAND |

## COMPLAINT

1. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. Sections 1983 and 1988; 28 U.S.C. Sections 1331 and 1343 (a); and the Constitution of the United States, and supplemental jurisdiction under 28 U.S.C. Section 1367.

2. Plaintiff Princess Dempsey, is the natural mother of Johnathen Dempsey, a minor, a citizen of the United States, and a resident of Broadview, Illinois.

3. Defendant Sarah Hicks was, at all times relevant to this action, a school teacher employed by the Lindrop School District Number 92, acting within the scope of her employment and under color of law. She is being sued in her individual capacity.

4. On February 27, 2012, Johnathen Dempsey, an eleven year old student at Lindrop School, was in a reading lab with approximately 40 other students from a combined two classes. Many of the students in the class, including Johnathen, were talking amongst themselves.

5. Despite the large number of students talking, Johnathen's teacher, Sarah Hicks, singled out Johnathen and told him to shut up. Soon after, another child asked Johnathen a question and Johnathen in turn answered it.

6. Without any discussion or warning, Ms. Hicks proceeded to place an index card on Johnathen's mouth and wrap thick, heavy, maintenance grade duct tape all the way around his head, taping and forcing his mouth shut.

7. She then instructed him to keep the tape on and not to take it off until she gave him permission.

8. Johnathen was forced to remain in the classroom, in front of two classes full of his peers, with duct tape covering his mouth and head, for approximately 45 minutes. The duct tape prevented him from breathing through his mouth or speaking during this entire period.

9. Additionally, while Johnathen was duct taped, other students in the classroom continued to talk amongst themselves, yet received no reprimands or punishments.

10. After approximately 45 minutes had passed, Ms. Hicks noticed that Johnathen had been crying, and told two other students to take him to the bathroom to remove the tape.

11. Removing the tape caused Johnathen significant pain, pulled a chunk of hair out of the back of his head, and left red welts on his face.

12. When Johnathen returned from the bathroom, Ms. Hicks continued class as usual.

13. After Johnathen returned home after a full day of school, his mother Princess Dempsey observed the red welts on Johnathen's face and the missing chunk of hair.

14. The actions of Sarah Hicks caused him to have a chunk of hair pulled out of his head and suffer red welts on his face and discomfort that lasted for a week. After the incident, Johnathen was left with a bald spot and his face appeared as though it had been whipped.

15. In addition to his physical injuries, Johnathen continues to suffer from psychological and emotional distress. Sarah Hicks' egregious misconduct has caused him great distress and humiliation.

16. Not only did Johnathen suffer the degradation of having his mouth duct taped shut and being forced to sit in front of two classes full of his peers for 45 minutes, he also suffered from the continuous bullying of his peers as a result of the incident.

17. As a result of the incident, Johnathen has been demonstrating preliminary symptoms of post-traumatic stress disorder. Prior to the incident Johnathen was very outgoing and could make friends with anyone. He would sing all the time and hoped to one day become a pop star.

18. Since the incident, however, Johnathen has become much more reserved, not wanting to leave the house and only spending time with his older brothers. Because other students began teasing Johnathen as a result of the duct tape and his bald spot, he has needed his mother to walk him to school.

19. As a direct and proximate cause of the Defendant Sarah Hicks' conduct, Johnathen suffered numerous emotional disturbances, including but not limited to sleepless nights, anxiety attacks, distressing dreams, flashbacks, frightening thoughts, and depressions.

## COUNT I
### (42 U.S.C. SECTION 1983 – EXCESSIVE FORCE CLAIM)

(1-19) Plaintiff Dempsey alleges and re-alleges paragraphs 1 through 19 as fully set forth above.

20. As a result of the unreasonable and unjustifiable attack on Plaintiff, he suffered both physical and emotional injuries.

21. The unreasonable and unjustifiable force used against Johnathen by the Defendant Hicks was a direct and proximate cause of his pain, suffering and mental anguish. The above

acts by the Defendant Hicks violated the Plaintiff's Fourth Amendment right to be free from unreasonable seizures, in addition to a violation of 42 U.S.C. Section 1983.

**WHEREFORE**, Plaintiff Dempsey demands compensatory damages in excess of $100,000 against Defendant Hicks and because the Defendant acted maliciously, willfully and/or wantonly, Plaintiff demands punitive damages from Defendant Hicks, plus costs, attorneys' fees, and such other additional relief as this Court deems equitable and just.

## COUNT II

### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS UNDER ILLINOIS LAW)

(1-19)  Plaintiff Dempsey alleges and re-alleges paragraphs 1 through 19 as fully set forth above.

20. The previously alleged actions of Defendant Hicks were extreme and outrageous.

21. Defendant Hicks intended that her conduct would inflict severe emotional distress on Plaintiff or consciously or reckless ignored the high probability that her conduct would cause the Plaintiff severe emotional distress.

22. As an actual and proximate cause of the Defendant Hicks' conduct, Plaintiff suffered severe emotional distress.

**WHEREFORE,** Plaintiff seeks actual or compensatory damages in excess of $100,000 against Defendant Hicks individually, and because defendant Hicks acted maliciously, willfully and/or wantonly, Plaintiff also demands punitive damages against Defendant Hicks.

## COUNT III

### (BATTERY UNDER ILLINOIS LAW)

(1-19) Plaintiff Dempsey alleges and re-alleges paragraphs 1 through 19 as fully set forth above.

20. The Defendant Hicks intentionally touched Plaintiff in an insulting and provoking manner without his consent and without legal justification.

21. Plaintiff suffered physical injury as a direct and proximate cause of the Defendant Hicks' unlawful touching.

**WHEREFORE,** Plaintiff seeks actual or compensatory damages in excess of $100,000 against Defendant Hicks, individually, and because the above defendant acted maliciously, willfully and/or wantonly, Plaintiff demands punitive damages against Defendant Hicks.

## COUNT IV

### (ASSAULT UNDER ILLINOIS LAW)

(1-19) Plaintiff Princess Dempsey alleges and re-alleges paragraphs 1 through 19 as fully set forth above.

20. Defendant Hicks, without Plaintiff's consent, intentionally caused Plaintiff to fear he would suffer an imminent battery where she apparently possessed the ability to commit the battery.

21. The Plaintiff suffered injury as a proximate result of Defendant Hicks' conduct.

**WHEREFORE,** Plaintiff seeks actual or compensatory damages in excess of $100,000 against Defendant Hicks, individually, and because the above defendant acted

maliciously, willfully and/or wantonly, Plaintiff demands punitive damages against Defendant Hicks.

## COUNT V

**(RESPONDEAT SUPERIOR UNDER ILLINOIS LAW)**

(1-19) Plaintiffs allege and re-allege paragraphs 1 through 19 as fully set forth above.

20. The aforesaid acts of Defendant Hicks were done within the scope of her employment as a school teacher, were willful and wanton, and therefore, the Defendant Lindrop School District Number 92, as principal, is liable for the actions of its agent under the doctrine of respondent superior.

**WHEREFORE**, Plaintiffs, demand judgment against Defendant Lindrop School District Number 92, plus costs, and such other additional relief as this Court deems equitable and just.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL COUNTS**

Respectfully submitted,

s/Standish E. Willis
Standish E. Willis,
Attorney at Law

The Law Offices of Standish E. Willis, Ltd
39 S. LaSalle, Ste 1210
Chicago, IL 60603
(312) 750 1950